# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERRERA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATIONS, et al,<br><br>  Defendants. | 1:16-cv-01053-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS**<br><br>**(Doc. 19)**<br><br>**TWENTY-ONE DAY DEADLINE** |

## **INTRODUCTION**

This action is proceeding on Plaintiffs' allegations surrounding the shooting death of inmate Jose E. Herrera by Correctional Officer Bradley Atkinson. Defendants, C.O. Bradley Atkinson and Warden Christian Pfeiffer, filed a motion to dismiss Warden Pfeiffer under Federal Rule of Civil Procedure[1] 12(b)(6), asserting that Plaintiff's allegations fail to state a claim against him upon which relief can be granted. (Doc. 16, MTD.) Plaintiff filed a statement of non-opposition on the condition that Warden Pfeiffer be dismissed without prejudice so they can conduct discovery to determine liability, if any, of Warden Pfeiffer or any other persons. (Doc. 19, Non-Opp.)[2] Despite lapse of more than sufficient time, Defendants did not file a reply. The motion is deemed submitted per Local Rule 230(*l*). For the reasons discussed below, it is

---

[1] The Federal Rules of Civil Procedure will be referred to as "Rule *." Any reference to other statutory authorities shall so indicate.

[2] All references to pagination of specific documents pertain to those noted on the upper right corners via the CM/ECF electronic court docketing system.

1

recommended that the motion be **GRANTED**, and **that** Warden Pfeiffer and all claims against him be dismissed without prejudice.

## LEGAL STANDARD

Dismissal is proper under Rule 12(b)(6) if there is a lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1762 (2012). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept well-pled factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000).

Further, "[i]f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216-17. "Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible. The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'" *Id.* (emphasis in original). "Rule 8(a) '*does not impose a probability requirement at the pleading stage*; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the allegations." *Id.*, quoting *Twombly*, 550 U.S. at 556 (emphasis added in *Starr*).

/ / /

/ / /

/ /

**DISCUSSION**

**A. Defendants' Motion**

Defendants argue that Plaintiffs do not allege that Warden Pfeiffer personally participated in the shooting death of Mr. Herrera. (Doc. 16, p. 2.) Plaintiffs instead assert that Mr. Herrera's death was the result of (a) Warden Pfeiffer's policies or procedures, or the lack thereof; and/or (b) the failure of Warden Pfeiffer to properly supervise or discipline the prison's employees. (*Id.*) Defendants assert that the allegations in support of Plaintiffs' supervisory liability claim against Warden Pfeiffer are insufficient and do not establish a "direct causal link" between any policy or practice of Warden Pfeiffer and Mr. Herrera's death. (*Id.*)

**1. Plaintiff Fails to State a Cognizable Claim Against Warden Pfeiffer**

Plaintiffs assert two § 1983 survival claims against Warden Pfeiffer based on supervisory liability. Plaintiffs allege than Mr. Herrera's death was the result of (a) "customs, practices or policies, or the lack thereof" of Warden Pfeiffer; and/or (b) the failure of Warden Pfeiffer to adequately supervise or discipline the employees at KVSP. (Doc. 13, FAC, ¶¶ 30-44.) Defendants assert that the allegations in support of these claims are fairly general, with Plaintiffs concluding that the shooting "was the result of the custom within the institution to deal with minor events and confrontations with excessive and deadly force," and that "correctional officers using this force knew there were no repercussions and were allowed to abandon training and normal police policies in exchange for violations and unjustified use of force." (Doc. 16, 3:8-12, citing Doc. 13, at ¶ 17.)

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Liability by a supervisor for "knowledge and acquiescence" in subordinates' wrongful discriminatory acts is likewise not cognizable. *Id.* "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

1978), cert. denied, 442 U.S. 941 (1979).

To state such a claim, a plaintiff must allege facts that show supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  An unconstitutional policy cannot be proved by a single incident "unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S.Ct. 2427 (1985).  In this instance, a single incident establishes a "policy" only when the decision-maker has "final authority" to establish the policy in question. *Collins v. City of San Diego*, 841 F.2d 337, 341 (9th Cir. 1988), citing *Pembauer v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292 (1986).

Defendants contend that Plaintiffs only generally allege that Mr. Herrera's death was the result of Warden Pfeiffer's customs, practices, and policies, or the lack thereof; and/or the failure of Warden Pfeiffer to properly supervise or discipline the staff at KVSP.  (Doc. 16-1, p. 5.) Defendants correctly contend that Plaintiffs do not identify any specific policy of Warden Pfeiffer that directly resulted in Mr. Herrera's death and that the FAC is devoid of facts establishing that any policy promulgated by Warden Pfeiffer was a "repudiation" of Mr. Herrera's constitutional rights or "the moving force" behind the alleged violation of Mr. Herrera's rights.  (*Id.*)  Plaintiffs' allegations are conclusory and assert that unspecified policies of Pfeiffer permit correctional officers to use excessive force.  Such vague and non-specific allegations, however, are insufficient to establish that any particular policy was the "moving force" behind the alleged unjustified shooting of Mr. Herrera by Officer Atkinson.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual

allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557. Courts are not required to indulge unsupported inferences. *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

The FAC, as Defendants' correctly assert, does not allege facts sufficient to state a claim that Warden Pfeiffer either personally participated in the alleged deprivation of Mr. Herrera's constitutional rights, or promulgated or implemented a policy so deficient that the policy itself is a repudiation of Mr. Herrera's constitutional rights and was the moving force behind his death. Plaintiffs concede as much via their statement of non-opposition. It is, therefore, recommended that Warden Pfeiffer and all claims against him be dismissed without prejudice.[3]

## **RECOMMENDATION**

Based on the foregoing, the Court **HEREBY RECOMMENDS** that Defendants' motion to dismiss, filed on December 21, 2016 (Doc. 19), be **GRANTED** and that Warden Christian Pfeiffer and all claims against him be **DISMISSED without prejudice**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v.*

//

//

---

[3] Defendants' request for qualified immunity on Plaintiff's claims against Warden Pfeiffer need not be addressed at this time in light of the recommendation that their motion to dismiss for failure to state a claim be granted. Nothing in this order should be construed to preclude Defendants from raising qualified immunity on any and all claims later in this action.

1  *Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 11, 2017**          /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE