# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTTE OF JOSE HERRERA, et al.,, <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECITONS, et al., <br><br> Defendants. | 1:16-cv-01053-DAD-SKO (PC) <br><br> ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFFS' FAILURE TO PROSECUTE <br><br> (Doc. 23) <br><br> FOURTEEN (14) DAY DEADLINE |

Plaintiffs are proceeding in this civil rights action pursuant to 42 U.S.C. § 1983. On October 2, 2017, Defendant, Bradley Atkinson, filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 asserting that there is no genuine dispute of material fact and that he is entitled to judgment as a matter of law. (Doc. 23.) Defendant's notice of the motion included a reminder that Local Rule 230 (*l*) required Plaintiffs to file an opposition or a statement of non-opposition within twenty-one days of the date Defendant filed the motion. (*Id.*) Although more than the allowed time has passed, Plaintiffs have not filed an opposition or a statement of non-opposition.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of*

1

*Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiffs are ORDERED to show cause within fourteen (14) days of the date of service of this order why the action should not be dismissed for their failure comply with the Local Rules and to prosecute this action; alternatively within that same time period, Plaintiff may file a statement of non-opposition to Defendant Atkinson's motion for summary judgment.

IT IS SO ORDERED.

Dated: **October 25, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE